IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ECORE INTERNATIONAL INC., | § | |
|    PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:24-CV-2691-E |
| | § | |
| RUBAROC LLC, | § | |
|    DEFENDANT. | § | |

### FINDINGS, CONCLUSIONS & RECOMMENDATIONS
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the district judge's referral, Doc. 13, Plaintiff's *Motion for Default Judgment*, Doc. 11, is before the undersigned magistrate judge for the issuance of findings and a recommended disposition. The requisites for default judgment having been satisfied in this case, it is recommended that the motion be **GRANTED**.

### I. BACKGROUND

Plaintiff, Ecore International Inc., initiated this civil action against Defendant, Rubaroc LLC, on October 25, 2024. Doc. 1. Plaintiff's operative complaint asserts claims for breach of contract and *quantum meruit,* arising from Defendant's alleged failure to pay for materials that were ordered by, and delivered to, Defendant. Doc. 1 at 2-3. Despite being served with process on October 29, 2024, Defendant has not answered or otherwise appeared in the case. Doc. 8. As a result, the Clerk entered default against Defendant upon Plaintiff's request. Doc. 9; Doc. 10. Plaintiff now seeks entry of default judgment under Federal Rule of Civil Procedure 55 to recover damages in the amount of $303,747.11. Doc. 11 at 1; Doc. 12 at 1.

## II. APPLICABLE LAW

Rule 55 authorizes a court to enter a default judgment against a defendant who fails to plead or otherwise defend against a plaintiff's claim. FED. R. CIV. P. 55. "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (internal footnote omitted). Accordingly, a party is not entitled to a default judgment merely because the defendant is technically in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (citation omitted). Rather, courts have discretion to determine the appropriateness of an entry of default judgment. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

In deciding whether to enter a default judgment, the court conducts a three-part analysis. *United States v. Dimas*, No. 4:24-CV-00731, 2025 WL 33466, at *2 (N.D. Tex. Jan. 6, 2025) (O'Connor, J.). First, the court considers whether a default judgment is procedurally warranted by examining several factors, including: (1) whether there are disputed material issues of fact; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion. *Lindsey*, 161 F.3d at 893.

Second, the court evaluates whether the pleadings provide a sufficient basis for the judgment. *See Nishimatsu Constr. Co., v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (holding that a plaintiff must plead sufficient facts to show it is entitled to relief). The sufficiency of Plaintiff's complaint is assessed under Rule 8 of the Federal Rules of Civil Procedure. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). At this stage, the court assumes that the defaulting defendant admits all well-pleaded facts in the

plaintiff's complaint, and documents attached to the complaint constitute "a part of the pleadings for all purposes." *Nishimatsu*, 515 F.2d at 1206 (citing Fed. R. Civ. P. 10(c)).

Finally, the court determines what form of relief, if any, the plaintiff is entitled to. *United States v. Holland*, No. 3:17-CV-0938-B, 2018 WL 354542, at *2 (N.D. Tex. Jan. 10, 2018) (Boyle, J.) (citation omitted).

### III. ANALYSIS

#### A. *Default Judgment is Procedurally Warranted.*

Based on the *Lindsey* factors, Plaintiff's motion for default judgment is procedurally warranted.[1] First, as a result of Defendant's non-responsiveness, there are "no material issues of fact in dispute." *United States v. Aliyu*, No. 3:14-CV-1424-B, 2014 WL 5697966, at *2 (N.D. Tex. Nov. 4, 2014) (Boyle, J.) (holding that because the defendant had not filed any responsive pleadings, there were no material facts in dispute); *see also Nishimatsu Constr. Co.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). Second, Defendant's failure to respond to Plaintiff's complaint or otherwise appear has caused "substantial prejudice to Plaintiff" by effectively halting the adversarial process and preventing Plaintiff's receipt of "expeditious relief." *Dimas,* 2025 WL 33466, at *3. Third, the grounds for default are clearly established given that Defendant has failed to answer or otherwise defend its case despite being properly served more than ten months ago. *See UnitedHealthcare*

---

[1] The Court finds, as a threshold matter, that Plaintiff has made a *prima facie* showing of subject matter jurisdiction, in that Plaintiff's seeks more than $75,000 in damages and has alleged, upon information and belief, the parties' complete diversity of citizenship for purposes of 28 U.S.C. § 1332(a). *See* Doc. 1 at 1; *Canadian Breaks, LLC v. JPMorgan Chase Bank, N.A.*, No. 2:21-cv-37, 2021 WL 4897554, at *4-7 (N.D. Tex. Sept. 14, 2021) (Reno, J.), *rep. & rec. adopted*, 2021 WL 4893606 (N.D. Tex. Oct. 20, 2021) (holding that a plaintiff who pleads defendant's citizenship upon information and belief "should be allowed to proceed in federal court unless and until" the defendant can identify facts destroying diversity jurisdiction).

*Ins. Co. v. Quality Metrics Partners, LLC*, No. 3:22-CV-0764, 2022 WL 3639507, at *2 (N.D. Tex. Aug. 22, 2022) (Boyle, J.) (finding grounds for default were clearly established where the defendant had not responded to the complaint, the entry of default, or plaintiff's motion for default judgment over a period of three months). Fourth, the record reveals no evidence that Defendant's silence stems from a "good faith mistake or excusable neglect." *See United States v. Garza*, No. 3:19-CV-0188-S, 2019 WL 4452147, at *3 (N.D. Tex. Aug. 22, 2019) (Ramirez, J.) (finding that it is the defendant's duty to offer evidence to show his failure to answer was in good faith or excusable); *cf. Elite v. The KNR Grp.*, 216 F.3d 1080, 2000 WL 729378, at *1 (5th Cir. 2000) (Table) (per curiam) (holding that default judgment was inappropriate where a defendant sent a letter to the court explaining that his failure to appear was due to financial privation). Fifth, Defendant's complete failure to respond to the instant motion "mitigates the harshness of a default judgment." *UnitedHealthcare Ins. Co.*, 2022 WL 3639507, at *2 (cleaned up). Lastly, the Court is not aware of any facts that would constitute 'good cause' to set aside the default if challenged by Defendants. Therefore, default judgment is procedurally warranted.

    **B.** ***There is Sufficient Basis in the Pleadings for Entry of a Default Judgment.***

Further, the pleadings present a sufficient basis for default judgment. In determining whether the pleadings provide adequate support for a plaintiff's claim for relief, courts look to the standard set out in Federal Rule of Civil Procedure 8(a)(2). *See Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (relying on Rule 8 to determine the sufficiency of a complaint in a default judgment action); FED. R. CIV. P. 8(a)(2) (providing the requirements for a well-pleaded claim for relief). Under this standard, plaintiff's factual allegations, taken as true, "need only be enough to raise a right to relief above a speculative level." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, "detailed factual allegations are not

required" to satisfy Rule 8's "low threshold." *Id.* (cleaned up) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Here, Plaintiff's complaint asserts a right to recovery under state contract law, or, alternatively, in *quantum meruit*. Doc. 1 at 2-3. To recover for breach of contract under Texas law, the plaintiff must establish: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained as a result." *Mullins v. TestAmerica, Inc.*, 564 F. 3d 386, 418 (5th Cir. 2009) (quoting *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Hous. [14th Dist.] 2005, pet. denied)) (internal quotations omitted). Plaintiff alleges that: (1) the parties "contracted for the purchase and sale of reclaimed rubber-based materials;" (2) Plaintiff "performed all its obligations under the contracts", including delivery of the ordered materials; (3) Defendant "failed to pay" for Plaintiff's delivery of materials "in breach of contract"; and (4) Plaintiff "has, and continues to suffer damages" as a result of Defendant's nonpayment. Doc. 1 at ¶¶ 12-17. Taking these allegations as true, Plaintiff has satisfied the elements of a breach of contract claim. *See Mirasoles Produce USA, LLC v. Sanchez Farms*, No. 3:22-cv-1240, 2023 WL 8418057, at *6 (N.D. Tex. Nov. 16, 2023) (Horan, J.), *rep. & rec. adopted*, 2023 WL 8374750 (N.D. Tex. Dec. 4, 2023) (finding the allegations sufficient to establish breach of contract where plaintiff alleged that the defendant agreed to purchase produce on credit, plaintiff delivered the produce, and defendant failed to pay despite demand).

Moreover, even if the pleadings failed to establish the existence of a valid and enforceable contract, Plaintiff would nevertheless be entitled to judgment in *quantum meruit*. *Quantum meruit* is an equitable remedy available when: (1) valuable services were rendered, or materials were furnished; (2) to the person sought to be charged; (3) the services and materials

5

were accepted by said person and used by him; and (4) the person was reasonably notified that the plaintiff performing such services or furnishing such materials was expecting to be paid. *Hill v. Shamoun & Norman, LLP*, 544 S.W.3d 724, 732-33 (Tex. 2018) (citation omitted). Here, Plaintiff's complaint alleges that its materials were delivered to Defendant, who "received and accepted" delivery "without paying", despite "repeated demands" for payment. Doc. 1 at ¶¶ 19-20. These allegations are sufficient to satisfy the four elements above. Thus, alternatively, Plaintiff is entitled to recovery in *quantum meruit*. *See U.S. Quest Ltd. V. Kimmons*, 228 F.3d 399, 406 (5th Cir. 2000) ("In general under Texas law, a party seeking to recover for services rendered will only be able to recover under quantum meruit when there is no express contract between the parties.").

Because Plaintiff's filings establish a right to recovery against Defendant for breach of contract, or, alternatively, in *quantum meruit*, default judgment is substantively warranted.

### C. *Plaintiff is Entitled to Relief.*

Finally, the Court must determine what form of relief, if any, Plaintiff should receive. *See U.S. for Use of M-CO Constr., Inc. v. Shipoco Gen., Inc.,* 814 F.2d 1011, 1014 (5th Cir. 1987) ("A default judgment . . . establishes the defendant's liability. But it does not establish the amount of damages."). Ordinarily, damages will not be awarded without an evidentiary hearing. *Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 414 (5th Cir. 1998). But, when the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary. *Id.* (citing *James v. Frame*, 6 F.3d 307, 309-10 (5th Cir. 1993) (noting that Rule 55(b)(2) "explicitly grants [a] district court wide latitude" in determining damages in a default judgment)). Nevertheless, the relief available is limited to that requested in the pleadings. *See* Fed. R. Civ. P. 54(c) ("[A] default judgment

must not differ in kind from, or exceed in amount, what is demanded in the pleadings."). Thus, "[t]he burden is on the plaintiff to provide an evidentiary basis for the damages it seeks." *United States v. Garza*, No. 3:19-CV-0188, 2019 WL 4452147, at *4 (N.D. Tex. Aug. 22, 2019) (Ramirez, J.) (citation omitted).

   1. *Monetary Damages*

On this record, the actual damages can be determined without need for an evidentiary hearing. Plaintiff seeks to recover $303,747.11 in damages, representing the value of materials delivered to Defendant for which no payment has been received.[2] Doc 12 at 1. In support of its Motion, Plaintiff provides the affidavit of Kyle B. Harnish, Assistant Corporate Controller for Plaintiff's corporation. Doc. 12-1 at 1-2. In the affidavit, Harnish identifies the various purchase orders made by Defendant between June 2023 and August 2024, each of which was accepted through Plaintiff's issuance of an order confirmation reflecting the agreed-upon price for the materials. Doc. 12-1 at 1. Harnish further attests that although Defendant received order confirmations and invoices for each completed order, Defendant "failed to make payments when due" and, to date, "owes $303,747" in unpaid invoices. Doc. 12-1 at 1-2. In support of this calculation, Plaintiff proffered copies of Defendant's purchase orders and the corresponding order confirmations and invoices. *See* Doc. 12-2 (purchase orders); Doc. 12-3 (order confirmations); Doc. 12-4 (invoices). The Court finds that these documents, taken together, provide a sufficient evidentiary basis for a damages award. *See Crown Distrib., LLC v. Ice Suppz, LLC*, No. 3:21-CV-1052, 2022 WL 1524119, at *6 (N.D.Tex. May 13, 2022) (Boyle, J.)

---

[2] The damages figure asserted in the live motion is inconsistent with that asserted in Plaintiff's initial Complaint. *Compare* Doc. 1 at ¶ 15 ("As of the filing of this Complaint, Rubaroc owes Ecore $324,453.33"), *with* Doc. 12 at 2, 4, ("To date, Rubaroc owes Ecore $303,747.11"). Plaintiff does not address this inconsistency. However, because the latter figure is supported by the proffered evidence, the Court uses this figure in calculating Plaintiff's damages.

(mem. op.) (noting that "[c]ourts routinely find that copies of contracts, invoices, [and] purchase orders . . . together with computations and affidavits are a sufficient evidentiary basis for a damages award."). Accordingly, Plaintiff's request for damages in the amount of $303,747.11 should be granted.

    *2. Attorneys' Fees*

In addition to seeking monetary damages, Plaintiff's complaint requests recovery of all "reasonable and necessary attorneys' fees and expenses." Doc. 1 at 3. Plaintiff's instant motion, however, does not seek attorneys' fees. *See* Doc. 11 at 1; Doc. 12 at 2 (requesting only damages "in the amount of $303,747.11"). Because Plaintiff has not re-asserted its request for attorneys' fees, it is deemed to have abandoned it. *See Merchants Bonding Co. v. Veteran Owned Serv. Grp.*, No. 3:23-CV-324, 2024 WL 1120996, at *3 (N.D. Tex. Feb. 28, 2024) (Toliver, J.), *rec. adopted*, 2024 WL 1122048 (N.D. Tex. Mar. 14, 2024) (finding plaintiffs' request for attorneys' fees was abandoned due to their failure to re-assert the request in the motion for default judgment)*; Dimas,* 2025 WL 33466, at *4 (holding that the plaintiff "waived" its request for attorneys' fees where the request was not re-urged in its motion for default judgment); *Versatile Processing Grp., Inc. v. Amino Transp., Inc.*, 6:14-CV-832, 2015 WL 1737769, at *2-3 (E.D. Tex. Apr. 6, 2015) (Schneider, J.) (refusing to grant an award of attorneys' fees where "[t]he proposed Default Judgment submitted by Plaintiffs d[id] not include an award of attorney[s'] fees.").

    *3. Pre-Judgment and Post-Judgment Interest*

Plaintiff also requests pre-judgment and post-judgment interest "at the maximum rate allowed by law." Doc. 1 at 4. In diversity cases, pre-judgment interest is governed by state law. *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 172 (5th Cir. 2010) (citations

8

omitted). Under Texas law, there are "two separate bases for the award of prejudgment interest: (1) an enabling statute; and (2) general principles of equity." *Int'l Turbine Servs., Inc v. VASP Brazilian Airlines*, 278 F.3d 494, 499 (5th Cir. 2002) (citing *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S. W.2d 507, 528 (Tex. 1998)). "[S]tautory prejudgment interest applies only to judgments in wrongful death, personal injury, property damage, and condemnation cases." *Id.* (citations omitted). Because the claims here do not fall within the statutory provisions, pre-judgment interest is governed by Texas common law.[3] *Id.*

"Texas common law allows pre-judgment interest to accrue at the same rate as post-judgment interest on damages awarded for breach of contract." *Id.* (cleaned up). Thus, when, as here, an interest rate is not specified in the parties' contract, pre-judgment interest is calculated based on the statutory post-judgment interest rate provided in section 304.003 of the Texas Finance Code. *Id.* That section provides, in pertinent part, that the post-judgment interest rate is "(1) the prime rate as published by the Board of Governors of the Federal Reserve System on the date of computation; [or] (2) five percent a year if the prime rate as published . . . is less than five percent." TEX. FIN. CODE § 304.003(c)(2). The current prime rate is 7.25 percent. Selected Interest Rates (Daily) – H.15, BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM, https://www.federalreserve.gov/releases/H15/ (last visited Sept. 26, 2025) [https://perma.cc/C4QA-DE46]. Pre-judgment interest begins to accrue on the earlier of: (1) 180 days after the date a defendant received written notice of a claim; or (2) the date suit is filed.

---

[3] Texas law provides that "an equitable award of prejudgment interest should be granted to a prevailing plaintiff in all but exceptional circumstances." *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 172 (5th Cir. 2010). Thus, Plaintiff's failure to re-assert its request for pre-judgment interest in the live Motion does not amount to waiver. *See id* ("When the pleadings contain a simple prayer for interest on the judgment, this suffices in any case to preserve the request.").

*Kenneco Energy*, 962 S.W. 2d at 532 (citing TEX. FIN. CODE § 304.104). Accordingly, Plaintiff is entitled to recover pre-judgment interest at the rate of 7.25 percent, calculated from the date suit was filed on October 25, 2024, until the final judgment is entered.

Regarding post-judgment interest, federal law applies to "any judgment in a civil case recovered in a district court . . . including actions based on diversity of citizenship." *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 7 F.3d 1203, 1209 (5th Cir. 1993) (cleaned up). Under 28 U.S.C. § 1961(a), post-judgment interest is "awarded as a matter of course." *Fogleman*, 607 F.3d at 173 (concluding that, because the issue of whether to award post-judgment interest "is not discretionary" the "failure to brief the matter is treated as oversight, not waiver.") (internal quotations and citations omitted). Therefore, Plaintiff's request for post-judgment interest should be granted and awarded at the applicable federal rate[4] from the date of final judgment until paid in full.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's *Motion for Default Judgment*, Doc. 11, should be **GRANTED.** Default Judgment should be **ENTERED** against Defendants in the amount of $303,747.11, bearing interest as set forth herein, and reasonable court costs taxed against the Defendant.

**SO RECOMMENDED** on September 29, 2025.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[4] The statutory post-judgment interest rate can be found at: http://www.txnd.uscourts.gov/post-judgment-rates.

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(B). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).